UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LONDON GLENN | * | CIVIL ACTION |
| VERSUS | * | NO. 24-2917    DIV. (2) |
| COPELAND'S OF NEW ORLEANS, LLC, ET AL. | * | MAG. JUDGE CURRAULT |

## ORDER AND REASONS

Before me is Defendant Trinidad Navarez's Motion to Dismiss for Failure to State a Claim, which was scheduled for submission on February 19, 2025.  ECF No. 7.  Plaintiff filed an Opposition Memorandum, and Defendant filed a Reply Memorandum.  ECF Nos. 9, 11.  No party requested oral argument, and the Court agrees that oral argument is unnecessary.  This matter was referred to the undersigned for all proceedings including entry of judgment in accordance with 28 U.S.C. § 636(c) upon the written consent of all parties.  ECF No. 10.

Considering the record, the submissions and arguments of counsel, and the applicable law, the Court GRANTS Defendant Trinidad Navarez's motion to dismiss for the reasons stated herein.

## I.    BACKGROUND

Plaintiff London Glenn (a/k/a Christopher Glenn) filed suit in state court against her former employer, Copeland's of New Orleans, LLC, and a co-worker, Trinidad Navarez, alleging discrimination on the basis of her transgender status, in violation of state and federal law, and claims for intentional infliction of emotional distress.  ECF No. 1-2, ¶¶ 7, 17-19.

After removal, Defendant Navarez filed this Motion to Dismiss seeking to dismiss Plaintiff's claims under Title VII and the Louisiana Employment Discrimination Law ("LEDL") on the basis that neither statute imposes individual liability on a co-employee rather than the

employer.  ECF Nos. 7; 7-1 at 1, 2-4.  Defendant's motion does not seek dismissal of (or even mention) Plaintiff's intentional infliction of emotional distress claim.

In Opposition, Plaintiff does not explicitly address individual liability under either Title VII or the LEDL; instead, Plaintiff argues that *respondeat superior* applies.  ECF No. 9 at 3. Plaintiff also argues that claims for negligent and/or intentional infliction of emotional distress may proceed simultaneously against both the employer (Copeland's) and a co-worker (Navarez). *Id.* at 2-5.  Because Defendant has not sought dismissal of the intentional infliction of emotional distress claim, this Court need not address Plaintiff's arguments regarding whether he may simultaneously maintain independent causes of action against an employer and employee arising from the same incident.[1]

In Reply, Navarez argues that Plaintiff's Complaint fails to allege sufficient facts necessary to meet the high threshold required for an intentional infliction of emotional distress claim.  ECF No. 11.  Specifically, Navarez argues Plaintiff has not alleged extreme and outrageous conduct, severe emotional distress, or intent/knowledge of substantial certainty.  *Id.* at 2-4.  Navarez also argues no alleged facts satisfy the high threshold for claims arising in the workplace.  *Id.* at 4-5.

## II.    LAW AND ANALYSIS

### A.    Rule 12(b)(6) Standard

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."  "A motion to dismiss for failure to state

---

[1] *Id.* at 2 (citing *Dennis v. Collings*, No. 15-2410, 2016 WL 6637973, *6 (W.D. La. Nov. 9, 2016)); *see also Martin v. Thomas*, 346 So. 2d 238 (La. 2022) (holding that a plaintiff may pursue a negligence cause of action against an employee for which the employer is vicariously liable and a direct claim against the employer for its own negligence in hiring, supervision, training, and retention even when the employer stipulates that the employee was in the course and scope of employment at the time of the injury).

a claim is not meant to resolve disputed facts or test the merits of a lawsuit."[2]  Rather, it tests

whether, in plaintiff's best-case scenario, the complaint states a plausible case for relief.[3]

The Supreme Court clarified the Rule 12(b)(6) standard of review in *Ashcroft v. Iqbal*, 556

U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  To avoid dismissal, a

complaint must contain sufficient factual matter to state a claim to relief that is plausible on its

face (*i.e.,* the factual allegations must "be enough to raise a right to relief above the speculative

level").[4]  It is not enough to allege facts consistent with a claim because the allegations must move

past possibility and to plausibility of "entitlement to relief."[5]  If the "facts" alleged are "merely

consistent" with those minimally required to establish liability, the complaint "stops short of the

line between possibility and plausibility."[6]

> Determining whether a complaint states a plausible claim for relief [is] . . . a
> context-specific task that requires the reviewing court to draw on its judicial
> experience and common sense. But where the well-pleaded facts do not permit
> the court to infer more than the mere possibility of misconduct, the complaint
> has alleged—but it has not "shown"— "that the pleader is entitled to relief."[7]

The complaint need not contain detailed factual allegations, but it must offer more than labels,

legal conclusions, or formulaic recitations of the elements of a cause of action.[8]  The complaint

must include enough factual matter to raise a reasonable expectation that discovery will reveal

evidence as to each element of the asserted claims.[9]  Although all well-pleaded facts are accepted

---

[2] *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581 (5th Cir. 2020).
[3] *Id.*
[4] *Twombly*, 550 U.S. at 555 (citation omitted).
[5] *Id.* at 557–58; *Iqbal,* 556 U.S. at 678.
[6] *Iqbal,* 556 U.S. at 678 (citation omitted).
[7] *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)) (internal citation omitted); *see also Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (citation omitted) (stating that where the facts do not allow the court to infer more than a mere possibility of misconduct, the complaint does not show that the pleader is entitled to relief).
[8] *Iqbal*, 556 U.S. at 678 (citation omitted).
[9] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Twombly*, 550 U.S. at 545).

as true and the complaint is considered in the light most favorable to the plaintiff, the Court should not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."[10]

**B.  Title VII Applies to Employers**

The purpose of Title VII is to protect employees from their employers' unlawful actions.[11] A Title VII employer is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person . . . ."  42 U.S.C. § 2000e(b). Two steps are required to determine whether a defendant is an employer: (1) the defendant must fall within the statutory definition, and (2) there must be an employment relationship between the plaintiff and the defendant.[12]   As Title VII only protects "the interests of those in employment relationships," a plaintiff cannot state a Title VII claim against a non-employer.[13]

Although Title VII's statutory definition of employer includes "any agent" of an employer, the Fifth Circuit does not interpret that language as imposing individual liability on agents.[14] Rather, the Fifth Circuit has held that Congress's purpose in extending the definition of employer to include an agent was simply to incorporate *respondeat superior* liability into Title VII such that a Title VII suit against an employee is actually a suit against the employer.[15]   And when the employer is also named in the suit, it is redundant to sue both the employer and employee.[16]  Thus,

---

[10] *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted); *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (same); *see also Twombly*, 550 U.S. at 555 (The "obligation to provide the grounds of [] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (citations and internal quotation marks omitted).

[11] *Thompson v. N. Am. Stainless, LP*, 562 U.S. 170, 178 (2011).

[12] *Deal v. State Farm Cnty. Mut. Ins. Co.*, 5 F.3d 117, 118 n.2 (5th Cir. 1993) (citations omitted).

[13] *Simmons v. UBS Fin. Servs., Inc.*, 972 F.3d 664, 668-69 (5th Cir. 2020) (citation omitted), *cert. denied*, 141 S. Ct. 1382 (2021); *see also Foley v. Univ. of Hous. Sys.*, 355 F.3d 333, 340 n.8 (5th Cir. 2003) (citing 42 U.S.C. § 2000e(b)'s definition of employer) (stating "relief under Title VII is available only against an employer, not an individual supervisor or fellow employee").

[14] *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999) (internal citations omitted).

[15] *Id*. (citations omitted).

[16] *Id.*

4

the Fifth Circuit has reversed a personal judgment for sexual harassment against a plaintiff's manager on the basis that the manager was not an "employer" under Title VII.[17]  Individuals simply cannot be held liable under Title VII in either their individual or official capacities.[18]

The Louisiana anti-discrimination statutes are in accord, and for the same reasons, Plaintiff fails to state any plausible LEDL claim against Navarez.  Like Title VII, the LEDL does not create a cause of action against an individual co-employee.[19]  The LEDL applies only to an employer,[20] which is narrowly defined as "a person, association, legal or commercial entity, the state, or any state agency, board, commission, or political subdivision of the state receiving services from an employee and, in return, giving compensation of any kind to an employee" and requires that the defendant employ twenty or more employees.  LA. REV. STAT. § 23:302(2).

In short, Plaintiff cannot state a plausible claim against individuals such as Defendant Navarez under either federal or Louisiana anti-discrimination laws because they are not **_employers_** within the meaning of those statutes.[21]  As Plaintiff cannot state employment-based claims against Navarez, the Title VII and LEDL claims against him must be dismissed.

---

[17] *Grant v. Lone Star Co.*, 21 F.3d 649, 651 (5th Cir. 1994); *see also Smith v. Amedisys Inc.*, 298 F.3d 434,448 (5th Cir. 2002) (stating "[T]here is no individual liability for employees under Title VII.").

[18] *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 381 n.1 (5th Cir. 2003) (citing *Smith*, 298 F.3d at 448-49); *Umoren v. Plano Indep. Sch. Dist.*, 457 F. App'x 422, 425 (5th Cir. 2012) (citation omitted).

[19] *See Notariano v. Tangipahoa Par. Sch. Bd.*, 266 F. Supp. 3d 919, 928 (E.D. La. 2017) ("It is well established that Louisiana's antidiscrimination law provides no cause of action against individual employees, only against employers.") (internal quotation marks and citation omitted).

[20] LA. REV. STAT. § 23:332(A).

[21] *See Provensal v. Gaspard*, 524 F. App'x 974, 976 (5th Cir. 2013) (characterizing employment claim against individual supervisor as "frivolous"); *see also Minshew v. Brown*, No. 95-2507, 1996 WL 3916 (E.D. La. Jan. 4, 1996) (Fallon, J.); *Ackel*, 339 F.3d at 381 n.1.; *Smith*, 298 F.3d at 448-49 (citations omitted); *Indest*, 164 F.3d at 262.

### C. **Amendment**

A court should generally allow plaintiff an opportunity to amend before dismissing an action for failure to state a claim under Rule 12(b)(6).[22]  As the Supreme Court stated:

> Under Rule 12(b)(6), a plaintiff with an arguable claim is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion is ruled upon.  These procedures alert him to the legal theory underlying the defendant's challenge, and enable him meaningfully to respond by opposing the motion to dismiss on legal grounds or by clarifying his factual allegations so as to conform with the requirements of a valid legal cause of action.[23]

Where, however, the "complaint alleges the plaintiff's best case," a further factual statement from the plaintiff need not be allowed.[24]  Additionally, a court may deny leave to amend where a proposed amendment would be futile,[25] (i.e., it would not survive a Rule 12(b)(6) motion after amendment).[26]  In this case, any effort to amend the Title VII or LEDL claim against Navarez would be futile.

### D. **Defendant Cannot Raise a New Issue Via Reply**

Defendant Navarez did not seek to dismiss the intentional infliction of emotional distress claim in either the motion or original memorandum.  ECF Nos. 7, 7-1.  Rather, he sought dismissal of only the Title VII and LEDL claims asserted against him.  Indeed, the intentional infliction of emotional distress claim is not even mentioned in either filing.

---

[22] *See, e.g.*, *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000) (citation omitted).

[23] *Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989), *superseded by statute on other grounds as stated in Irizarry v. Sec'y, Fla. Dep't. of Corr.*, No. 21-10591, 2021 WL 3231163 (11th Cir. July 22, 2021).

[24] *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999) (citation omitted).

[25] *See Marucci Sports, L.L.C. v. NCAA*, 751 F.3d 368, 378 (5th Cir. 2014) (citing *Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2004)); *Rivera-Colon v. Par. of St. Bernard*, 516 F. Supp. 3d 583, 591 (E.D. La. 2021) (citing *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010)).

[26] *Marucci Sports*, 751 F.3d at 378 (citation omitted); *see also Stripling v. Jordan Prod. Co., L.L.C.*, 234 F.3d 863, 872-73 (5th Cir. 2000) (citing *Martin's Herend Imps., Inc. v. Diamond & Gem Trading U.S. Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999); *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir.1994)).

This Court cannot address dismissal of the intentional infliction of emotional distress claim because it was not raised by Defendant's pending motion.[27]  And a party cannot request new relief, or raise a new issue, in a reply memorandum.[28]

## III.    CONCLUSION

Plaintiff cannot state an employment discrimination claim against an individual co-employee under Title VII or the LEDL because the individual is not an "employer."  Further, Plaintiff cannot cure this defect through amendment.  Accordingly, for the foregoing reasons,

IT IS ORDERED that Defendant Trinidad Navarez's Motion to Dismiss (ECF No. 7) is GRANTED and Plaintiff's Title VII and LEDL claims are DISMISSED WITH PREJUDICE and without leave to amend, leaving for resolution Plaintiff's employment discrimination claims against Copeland's and tort claims against both Copeland's and Navarez.

New Orleans, Louisiana, this 19th day of February, 2025.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[27] *See Marak v. Dall. Fort Worth Int'l Airport Bd.*, 124 F. App'x 272, 274 (5th Cir. 2005) (district court's dismissal of claims not included in defendant's motion to dismiss was improper because plaintiff did not have notice that claim may be dismissed).

[28] *Magnolia Island Plantation, L.L.C. v. Whittington*, 29 F.4th 246, 251-52 (5th Cir. 2022) (citations omitted) ("As a general matter, a district court is not required to address new legal issues raised only in a reply brief."); *Little Tchefuncte River Ass'n v. Artesian Util. Co.*, 155 F. Supp. 3d 637, 657 (E.D. La. 2015) (Brown, J.) (citations omitted); *Iteld, Bernstein & Assocs., LLC v. Hanover Ins. Grp.*, No. 06-3418, 2009 WL 2496552, at *4 (E.D. La. Aug. 12, 2009)) (Vance, J.) (citation omitted); *see also Red Holdings Corp. v. Schreiber Tr. ex rel. Schreiber Living Tr.*, 836 F. App'x 232, 235 (5th Cir. 2020) (per curiam) (acknowledging that "a district court abuses its discretion when it denies a party the opportunity to file a surreply in response to a reply brief that raised new arguments and then relies solely on those new arguments it its decision").